UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.: 16-CV-62406

ISAMAR LOPEZ, and
ALEXIS LOPEZ,

    Plaintiffs,
v.

SCOTT J. ISRAEL, as SHERIFF of
BROWARD COUNTY, Florida,
SAL VERINI, individually, MICHAEL
KANTOR, individually, and, RAUL
EGUINO, individually,

    Defendants.

_____/

# COMPLAINT

The Law Offices of James R. Dunn, P.A., and
The Law Offices of Gustavo E. Frances, P.A.
James R. Dunn, Esq.
Florida Bar No. 40950
Gustavo E. Frances, Esq.
Florida Bar No. 16011

200 SE 6th St
Suite 402
Fort Lauderdale, FL 33301
Tel. (954) 684-3535
Fax (954) 533-6796
E-Mail: james@attorneyjamesdunn.com
      geflaw@gmail.com
Attorneys for Plaintiffs

1

1. This is a civil action seeking money damages in excess of $15,000 dollars, exclusive of costs, interest, and attorney's fees, against SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, SAL VERINI, individually, MICHAEL KANTOR, individually, and, RAUL EGUINO, individually.

2. This action is brought pursuant to 42 U.S.C. § 1983 and § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. The United States District Court for the Southern District of Florida has jurisdiction of this action under 42 U.S.C. § 1983, 28 U.S.C. § 1331, and 28 U.S.C. § 1343. Plaintiff further invokes the supplemental jurisdiction of the United States District Court to hear independent State tort claims arising under State law, pursuant to 28 U.S.C. § 1367(a).

3. Plaintiff has fully complied with all conditions precedent to bringing this action imposed by the laws of the State of Florida, and particularly by the provisions of § 768.28 of the Florida Statutes.

**PARTIES**

4. Plaintiff ISAMAR LOPEZ is a resident of Allentown, State of Pennsylvania.

5. Plaintiff ALEXIS LOPEZ is a resident of Allentown, State of Pennsylvania.

6. Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, is the Sheriff of Broward County, Florida [hereinafter Defendant SCOTT J. ISRAEL, as SHERIFF OF BROWARD COUNTY, Florida, or Defendant BROWARD SHERIFF'S OFFICE, or BSO], as organized and existing under the Constitution and laws of the State of Florida. In this cause, Defendant SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, acted through its

agents, employees, and servants, including Defendant BSO deputies SAL VERINI, MICHAEL KANTOR, and RAUL EGUINO.

7. SAL VERINI, individually, MICHAEL KANTOR, individually, RAUL EGUINO, individually were acting under color of law as a deputy sheriff for SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida, and in such capacity as an agent, servant, and employee of SCOTT J. ISRAEL, as SHERIFF of BROWARD COUNTY, Florida.

8. Plaintiffs sue Defendants VERINI, KANTOR, and, EGUINO, individually.

**FACTS**

9. On May 12, 2014, Deputy Eguino observed Alexis Lopez and Isamar Lopez speaking with a Spirit Air Pilot who was not identified.

10. Alexis Lopez and Isamar Lopez were complaining about the way they were treated by Spirit employee Catherine Baizak, about luggage carry-on charges. While complaining, Catherine Baizak unilaterally cancelled Plaintiffs' trip home.

11. Deputy Michael Kantor arrived as a backup officer to Deputy Eguino in terminal 4 of the Fort Lauderdale Airport, in Broward County, Florida.

12. Catherine Baizak advised Depuity Eguino that she had instructed the Lopez's to leave the airport.

13. At this point, with no further investigation, Deputy Eguino ordered Alexis Lopez and Isamar Lopez to leave the airport.

14. Alexis Lopez and Isamar Lopez begin to walk away from Deputy Eguino based upon his specific instructions.

15. Deputy Eguino then approached Alexis Lopez from behind and by the left

shoulder and violently tackled him down to the ground striking him in the head multiple times.

16. Deputy Kantor assisted Deputy Eguino in physically attacking Alexis Lopez. He grabbed Alexis Lopez by the right shoulder and pulled him away from and in a different direction than Deputy Eguino.

17. Deputy Eguino's attack was so brutal that it resulted in him **breaking his own arm over Alexis Lopez's head**.

18. Deputy Kantor held Alexis Lopez's legs while Deputy Eguino struck him in the head multiple times with his closed fists.

19. Deputy Eguino stated in his deposition, in his own words, that his multiple blows constituted a tactical maneuver called a "Curly Shuffle." He explained that this is a technique where he attempted to strike the victim's carotid artery multiple times to force submission.

20. While Deputy Eguino and Deputy Kantor were physically accosting Alexis Lopez, Isamar Lopez begged them to stop hitting her brother and advised the deputies that Alexis Lopez has mental health issues.

21. After placing Alexis Lopez in handcuffs, Deputy Kantor removed his knife in close proximity to Alexis Lopez's neck. He eventually used the knife to cut the straps to the backpack that Deputy Kantor had wrapped around Mr. Lopez's neck during Deputy Kantor's tackle/takedown and Eguino's "Curley Shuffle" strikes upon Mr. Alexis Lopez's throat.

22. Deputy Kantor then stood Mr. Lopez up and with the assistance of Deputy Verini and together dragged Alexis Lopez out of the terminal.

23. For an unexplained reason, Deputy Eguino approached Alexis Lopez from behind again and pushes him into Deputy Kantor.

24. Deputy Kantor, who was in the process of dragging Alexis Lopez, pushed Alexis Lopez into Deputy Verini who places his arm around Alexis Lopez's neck. Depuity Verini then drove Alexis Lopez face down into the floor.

25. During the time that Deputy Verini chocked and slammed Alexis Lopez into the ground, Alexis Lopez was both handcuffed and physically restrained by two Deputies.

26. The actions of KANTOR, EGUINO, AND VERINI, intentionally and/or negligently placed Plaintiffs on display for the members of the public in the area, subjecting Plaintiffs to spectacle and humiliation, as well as physical pain.

27. The actions of KANTOR, in being trained to use, and in employing a "Curley Shuffle" and EGUINO and VERINI's participation in the multiple tackles of Alexis Lopez, as well as the arrest of Isamar Lopez, are the direct result of BSO's widespread policy of excessive force and BSO's failure to provide adequate policy and procedure to guide police officer actions, and are the result of a failure to provide proper training and/or supervision to KANTOR, EGUINEO, and VERINI.

28. With the assistance of TSA representatives, the BSO officers also arrested Isamar Lopez.

29. Plaintiff Isamar Lopez was subject to arrest and booking into the Broward County Jail on one charge of disorderly conduct. Subsequently, a directed verdict of not guilty was entered dismissing the criminal case.

30. Plaintiff Alexis Lopez was subject to arrest and booking into the Broward County Jail under charges of Battery on a law enforcement officer, three counts of resisting obstructing with out violence, and three counts of disorderly conduct. After a three-day jury trial he was acquitted on all counts excepting one count of a lesser-included charge of resisting without violence, and adjudication on that count was withheld.

## CAUSES OF ACTION

### COUNT I
### FOURTH AMENDMENT CLAIMS AGAINST DEFENDANTS VERINI, KANTOR, and, EGUINO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For their cause of action against Defendants, VERINI, KANTOR, and EGUINO, individually, in Count I, Plaintiffs state:

31. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 30.

32. Defendants VERINI, KANTOR, and, EGUINO, proximately caused the arrest of Plaintiff Isamar Lopez in the absence of probable cause that Isamar Lopez had committed any criminal offense.

33. Defendants VERINI, KANTOR, and, EGUINO, proximately caused the arrest of Plaintiff Alexis Lopez on felony battery on a law enforcement officer charges in the absence of probable cause that Alexis Lopez had committed such criminal offense.

34. Alternatively, if the seizure of Plaintiffs by Defendants VERINI, KANTOR, and, EGUINO, was a temporary detention and not an arrest, Defendants VERINI,

6

KANTOR, and EGUINO, temporarily detained Plaintiffs in the absence of reasonable suspicion that Plaintiff had committed, was committing, or was about to commit any offense, and the pat down search of Plaintiff was conducted by Defendants VERINI, KANTOR, and, EGUINO, in the absence of reasonable suspicion that Plaintiff was armed or dangerous, and exceeded the scope of a lawful pat down search for weapons.

35. The conduct of Defendants VERINI, KANTOR, and, EGUINO, towards Plaintiffs was objectively unreasonable, in violation of Plaintiff's clearly established rights under the Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be free from arrest in the absence of probable cause that Plaintiffs committed any criminal offense, and temporary detention (including the pat-down search and search of Plaintiff's person) in the absence of reasonable suspicion that Plaintiffs had committed, was committing, or was about to commit any offense, and were armed or dangerous.

36. As a direct and proximate result of the acts described above, in violation of 42 U.S.C. § 1983, Plaintiffs have suffered grievously, have been brought into public scandal, and with great humiliation, mental suffering, and damaged reputation, including business reputation/goodwill.

37. As a further direct and proximate result of the conduct of Defendants VERINI, KANTOR, and, EGUINO, Plaintiffs suffered loss of their liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiffs' losses are either permanent or continuing and Plaintiffs will suffer the losses in the future, in violation of Plaintiff's civil rights. Plaintiff has also agreed to pay the

undersigned a reasonable fee for his services, herein.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Reasonable attorney's fees, pursuant to 42 U.S.C. § 1988;

    v. Trial by jury as to all issues so triable; and

    vi. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT II
## FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANT SCOTT ISRAEL, in his capacity as BROWARD COUNTY SHERIFF

For his cause of action against Defendant SCOTT ISRAEL, in his capacity as BROWARD COUNTY SHERIFF, in Count II, Plaintiffs state:

38. Plaintiffs reallege and adopt, as if fully set forth in Count III the allegations of paragraphs 1 through 30.

39. Defendants VERINI, KANTOR, and EGUINO, proximately caused the arrest of Plaintiff Isamar Lopez arrest in the absence of probable cause that Plaintiff Isamar Lopez committed any criminal offense.

40. Defendants VERINI, KANTOR, and EGUINO, proximately caused the arrest of Plaintiff Alexis Lopez on felony battery charges in the absence of probable cause that Plaintiff Alexis Lopez committed felony battery charges.

41. The conduct of DEFENDANTS VERINI, KANTOR, and, EGUINO, in causing

the arrest of Plaintiff in the absence of probable cause, was taken in the absence of lawful authority. The conduct of Defendants VERINI, KANTOR, and, EGUINO, constitutes false arrest/false imprisonment of Plaintiff under Florida law.

42. The false arrest/false imprisonment of Plaintiffs was committed by Defendants VERINI, KANTOR, and, EGUINO in the course and scope of their employment as a deputy sheriffs for Defendant BROWARD SHERIFF'S OFFICE.

43. Alternatively, if Plaintiff was not subjected to arrest by Defendants VERINI, KANTOR, and, EGUINO, the temporary detention of Plaintiff by Defendants VERINI, KANTOR, and, EGUINO, was committed by Defendants VERINI, KANTOR, and, EGUINO in the absence of reasonable suspicion that Plaintiffs had committed, were committing, or were about to commit any criminal offense.

44. As a direct and proximate result of the acts described above, Plaintiffs have suffered grievously and have been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

45. As a further direct and proximate result of the conduct of Defendant BROWARD SHERIFF'S OFFICE, Plaintiffs suffered loss of their liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiffs' losses are either permanent or continuing and Plaintiffs will suffer the losses in the future, in violation of Plaintiffs' rights.

WHEREFORE, Plaintiffs pray:

   i. Judgment for compensatory damages in excess of $ 15,000 dollars;

   ii. Cost of suit;

9

      iii. Trial by jury as to all issues so triable; and

      iv. Such other relief as this Honorable Court may deem just and appropriate.

**COUNT III**
**FALSE ARREST/FALSE IMPRISONMENT CLAIM AGAINST DEFENDANTS**
**VERINI, KANTOR, and, EGUINO**

For their cause of action against Defendants VERINI, KANTOR, and, EGUINO individually, in Count III Plaintiffs state:

46. Plaintiff realleges and adopts, as if fully set forth in Count III the allegations of paragraphs 1 through 30.

47. The false arrest/false imprisonment of Plaintiffs was committed by Defendants VERINI, KANTOR, and, EGUINO.

48. Defendants VERINI, KANTOR, and, EGUINO, proximately caused Plaintiffs' arrest in the absence of probable cause that Plaintiffs committed any criminal offense.

49. The conduct of Defendants VERINI, KANTOR, and, EGUINO, in causing the arrest of Plaintiffs in the absence of probable cause, was taken in the absence of lawful authority. The conduct of Defendants VERINI, KANTOR, and, EGUINO, constitutes false arrest/false imprisonment of Plaintiff under Florida law.

50. Alternatively, if Plaintiff was not subjected to arrest by Defendants VERINI, KANTOR, and, EGUINO, the temporary detention of Plaintiffs was committed by Defendants VERINI, KANTOR, and, EGUINO, in the absence of reasonable suspicion that Plaintiffs had committed, was committing, or were about to commit any criminal offense.

51. Alternatively to the allegations set forth in Count III, if the arrest or temporary detention of Plaintiff by Defendants VERINI, KANTOR, and, EGUINO, was committed outside the course and scope of Defendants VERINI, KANTOR, and, EGUINO, employment, or in bad faith or with malicious purpose or in a manner exhibiting wanton and willful disregard of human rights, safety, or property, the conduct of Defendants VERINI, KANTOR, and, EGUINO, occurred in their individual capacities.

52. As a direct and proximate result of the acts described above, Plaintiffs have suffered grievously and has been brought into public scandal, with great humiliation, mental suffering and damaged reputation, including business reputation/goodwill.

53. As a further direct and proximate result of the conduct of Defendants VERINI, KANTOR, and, EGUINO, Plaintiffs suffered loss of their liberty and freedom, mental anguish, and loss of capacity for the enjoyment of life. Plaintiffs' losses are either permanent or continuing and Plaintiffs will suffer the losses in the future, in violation of Plaintiffs' rights.

WHEREFORE, Plaintiff prays:

    i. Judgment for compensatory damages in excess of $ 15,000 dollars;

    ii. Judgment for exemplary damages;

    iii. Cost of suit;

    iv. Trial by jury as to all issues so triable; and

    v. Such other relief as this Honorable Court may deem just and appropriate.

## COUNT IV
## BATTERY CLAIM AGAINST DEFENDANTS VERINI, KANTOR, and, EGUINO

For their cause of action against Defendants VERINI, KANTOR, and, EGUINO individually, in Count IV Plaintiffs state:

54. The Plaintiffs incorporate and reference paragraphs 1-30, as if specifically set forth herein.

55. On May 12, 2014, Defendants VERINI, KANTOR, and, EGUINO, did commit battery upon Plaintiffs by unlawfully touching and/or using physical force against both Plaintiffs against their will. VERINI, KANTOR, and, EGUINO's actions were unwarranted, unjustified, and offensive.

56. The batteries committed against Plaintiffs by VERINI, KANTOR, and, EGUINO, were committed with malice and an intention to punish, and thus, outside of the scope of VERINI, KANTOR, and, EGUINO'S discretionary duties.

57. In the alternative, the battery upon Plaintiffs were committed while VERINI, KANTOR, and, EGUINO were acting in the course and scope of their duties as BSO deputies, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for their safety or well being, but due to negligence caused by incompetence and a lack of training.

58. To the extent VERINI, KANTOR, and, EGUINO were acting in the the course and scope of their duties as BSO deputies, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for Plaintiffs' safety or well-being, VERINI, KANTOR, and, EGUINO breached a duty owed to Plaintiffs as VERINI, KANTOR, and, EGUINO were in charge of Plaintiffs' care and

12

custody.

59. As a direct and proximate result, Plaintiffs suffered physical injury to their bodies, and emotional injury, including but not limited to: humiliation and exacerbation of their emotional suffering.

WHEREFORE Plaintiffs seeks entry of judgment for compensatory damages against VERINI, KANTOR, and, EGUINO, along with costs, as well as any other award the Court deems just.

### COUNT V
### BATTERY CLAIM AGAINST DEFENDANT ISRAEL in his official capacity as SHERIFF OF BROWARD COUNTY

For their cause of action against Defendant Israel, in his official capacity as SHERIFF OF BROWARD COUNTY, in Count V, Plaintiffs state:

60. The Plaintiffs incorporate paragraphs 1-30 as if specifically set forth herein.

61. On May 12, 2014, Defendants VERINI, KANTOR, and, EGUINO, did commit battery upon Plaintiffs by unlawfully touching and/or using physical force against both Plaintiffs against their will. VERINI, KANTOR, and, EGUINO's actions were unwarranted, unjustified, and offensive.

62. At the time of the offensive touching and/or physical force Defendants VERINI, KANTOR, and, EGUINO were acting in the course and scope of their duties as BSO deputies, without malice, bad faith, or in a manner which was willfully or wantonly in disregard for Plaintiffs' safety or well-being.

63. In doing so, Defendants VERINI, KANTOR, and, EGUINO breached a duty of care owed to Plaintiffs as they were in BSO's care and custody at the time.

13

64. As a direct and proximate result, Plaintiffs suffered physical injury to their bodies, and emotional injury, including but not limited to: humiliation and exacerbation of their emotional suffering.

WHEREFORE Plaintiffs seeks entry of judgment for damages against SCOTT ISRAEL in his official capacity, along with costs, as well as any other award the Court deems just.

**COUNT VI**
**INFLICTION OF EMOTIONAL DISTRESS by DEFENDANTS VERINI, KANTOR, and EGUINO**

For their cause of action against Defendants VERINI, KANTOR, and EGUINO, in Count VI, Plaintiffs state:

65. The Plaintiffs incorporate and reference paragraphs 1-30 as if specifically set forth herein.

66. On May 12, 2014, Defendants VERINI, KANTOR, and, EGUINO, did commit battery upon Plaintiffs by unlawfully touching and/or using physical force against both Plaintiffs against their will. VERINI, KANTOR, and, EGUINO's actions were unwarranted, unjustified, and offensive.

67. The force used by Defendants VERINI, KANTOR, and, EGUINO against Plaintiffs served no legitimate purpose, and was done with malice, and was so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as uncivilized.

68. The actions of VERINI, KANTOR, and, EGUINO at the time, as stated above, clearly indicate an intent to cause emotional suffering.

69. As a direct and proximate result of VERINI, KANTOR, and, EGUINO's actions

Plaintiffs suffered severe emotional harm, and/or purposeful humiliation.

WHEREFORE, the Plaintiffs request this Court enter judgment against Defendants VERINI, KANTOR, and, EGUINO individually, and award the Plaintiff compensatory and punitive damages, as well all other further relief this Court deems just and proper.

**COUNT VII**
**NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS by DEFENDANT SCOTT ISRAEL, in his official capacity as BROWARD COUNTY SHERIFF**

For their cause of action against Defendant Israel, in his official capacity as SHERIFF OF BROWARD COUNTY, in Count VII, Plaintiffs state:

70. The Plaintiffs incorporate and reference paragraphs 1-30 as if specifically set forth herein.

71. On May 12, 2014, Defendants VERINI, KANTOR, and, EGUINO, did commit battery upon Plaintiffs by unlawfully touching and/or using physical force against both Plaintiffs against their will. VERINI, KANTOR, and, EGUINO's actions were unwarranted, unjustified, and offensive.

72. Defendants VERINI, KANTOR, and, EGUINO negligently caused physical injury and resulting emotional distress to Plaintiffs

73. At the time Defendants VERINI, KANTOR, and, EGUINO JOHHSON owed a duty of care to Plaintiffs as they was their jailers and possessed complete control of their freedom and movement.

74. Defendants VERINI, KANTOR, and, EGUINO breached that duty of care by negligently causing physical injury and resulting emotional distress.

15

75. At the time Defendants VERINI, KANTOR, and, EGUINO did so, they were acting in the course and scope of their employment for the BSO and Defendant ISRAEL.

76. Defendants VERINI, KANTOR, and, EGUINO's actions were the result of negligent breach and disregard for Plaintiff's safety or well-being.

77. As a direct and proximate result of Defendants VERINI, KANTOR, and, EGUINO'S breach of duty, Plaintiffs suffered both physical and resulting emotional distress, to wit: injury to their hands and wrists, ankles and body, as well as humiliation and anxiety.

WHEREFORE Plaintiffs seek entry of judgment for damages against SCOTT ISRAEL in his official capacity, along with costs, as well as any other award the Court deems just.

## COUNT VIII
## EXCESSIVE USE OF FORCE AGAINST DEFENDANTS VERINI, KANTOR, and, EGUINO, INDIVIDUALLY, COGNIZABLE UNDER 42 U.S.C. § 1983

For their cause of action against Defendants VERINI, KANTOR, and EGUINO, in Count VIII, Plaintiffs state:

78. Plaintiff realleges and adopts, as if fully set forth in Count I, the allegations of paragraphs 1 through 30.

79. At no time before, during or after Defendants VERINI, KANTOR, and, EGUINO determined to tackle Isamar Lopez and tackle and perform a "Curley Shuffle" upon Alexis Lopez, did Plaintiffs oppose, resist or offer violence to Defendants VERINI, KANTOR, and, EGUINO JOHNSON or any other person such that the use of force could be considered necessary or justifiable.

16

80. The force used by Defendants VERINI, KANTOR, and, EGUINO against Plaintiffs was objectively unreasonable and unnecessary.

81. The actions and words of Defendants VERINI, KANTOR, and, EGUINO at the time, and afterword when defining the "Curley Shuffle" at deposition as set forth above, demonstrate that they acted maliciously and outside the scope of discretionary duties, such that they are disentitled to any claim of immunity.

82. As a direct and proximate result of Defendants VERINI, KANTOR, and, EGUINO's actions Plaintiffs suffered both physical and exacerbated emotional harm.

WHEREFORE Plaintiffs seek entry of judgment for damages both compensatory and punitive against Defendants VERINI, KANTOR, and, EGUINO, along with costs and reasonable attorney's fees, as well as any other award the Court deems just.

DEMAND FOR JURY TRIAL

Plaintiffs demand trial by jury on all issues so triable as of right.

Respectfully submitted,

Dated: October 11, 2016

By: /s/ James R. Dunn
The Law Offices of James R. Dunn, P.A., and
The Law Offices of Gustavo E. Frances, P.A.
James R. Dunn, Esq.
Florida Bar No. 40950
Gustavo E. Frances, Esq.
Florida Bar No. 16011
200 SE 6th St
Suite 402
Fort Lauderdale, FL 33301
Tel. (954) 684-3535
Fax (954) 533-6796
E-Mail:james@attorneyjamesdunn.com
geflaw@gmail.com
Attorneys for Plaintiffs